# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **BCN INVESTMENTS, LLC** | : | DOCKET |
| | : | |
| **VERSUS** | : | JUDGE |
| | : | |
| **SCOTTSDALE INSURANCE COMPANY** | : | MAGISTRATE JUDGE |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, BCN Investments, LLC, who respectfully submits this Complaint for Damages against Defendant, Scottsdale Insurance Company, and further respectfully avers as follows:

## PARTIES

**1.**

Plaintiff, BCN INVESTMENTS, LLC, (the "Plaintiff"), a Louisiana Limited Liability Company, duly authorized to do business in the State of Louisiana.

**2.**

Defendant, Scottsdale Insurance Company ("Defendant"), is an insurance company incorporated in Ohio, with its principal place of business in Scottsdale, Arizona, which can be served through its agent for service of process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

1.

## JURISDICTION AND VENUE

**3.**

This Court has subject matter jurisdiction under 28 U.S.C.A. § 1332(a), because the matter in controversy exceeds $75,000.00, and because Plaintiff and Scottsdale Insurance Company are citizens of different states. Plaintiff, BCN Investments, LLC, is a Louisiana limited liability company, authorized and doing business in the state of Louisiana, with its members domiciled in Louisiana. Defendant, Scottsdale Insurance Company, is an insurance corporation incorporated in Ohio, with its principal place of business in Scottsdale, Arizona. Plaintiff's claims against Scottsdale Insurance Company, and the unpaid proceeds and additional damages, exceed $75,000.00.

**4.**

Venue is proper in this District and Division under 28 U.S.C.A. §1391(b)(2), because all or a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, and a substantial part of the property that is the subject of this action is situated in this District and Division.

## FACTUAL BACKGROUND

**5.**

At the time of Hurricane Laura and Hurricane Delta, Fantasy Homes, Inc., d/b/a Tupper Homes was the owner of the immovable property and improvements located at 3835 & 3845 Common Street, Lake Charles, LA 70605 (the "Property").

**6.**

At all times relevant hereto, Defendant issued a policy of insurance to Fantasy Homes, Inc., d/b/a Tupper Homes bearing the policy number CPS709317 (the "Policy"), which provided

2.

coverage for losses resulting from property damage to the Property if cause by, among other perils, hail and wind. The Policy was in full force and effect at the time of the loss events that are the subject of this instant lawsuit, namely Hurricane Laura which made landfall on or about August 27, 2020 and Hurricane Delta which made landfall on or about October 9, 2020 (said loss events being sometimes hereafter collectively referred to as the "Loss Events").

**7.**

On or about August 27, 2020, Hurricane Laura made landfall near Cameron, Louisiana, as a Category four hurricane with sustained winds of 150 miles per hour. The interior and exterior of the Property, as well as the other structures located at the Property, sustained substantial amounts of damage as a result of Hurricane Laura, which made landfall near Cameron, Louisiana, as a category four hurricane with sustained winds of 150 miles per hour. Fantasy Homes, Inc., d/b/a Tupper Homes promptly reported the loss resulting from Hurricane Laura to Scottsdale Insurance Company.

**8.**

Only months later, on October 9, 2020, while the Policy remained in full force and effect, the Property sustained additional damages as a result of Hurricane Delta, a category two hurricane, with winds up to 100 mph. Fantasy Homes, Inc., d/b/a Tupper Homes, again, promptly reported the loss resulting from Hurricane Delta to Scottsdale Insurance Company.

**9.**

Devastating winds, and wind-driven rain, during both Hurricane Laura and Hurricane Delta caused substantial amounts of damage to the Property, including, but not limited to, significant damage to the roof, framing, exterior finishes, doors, windows, insulation, drywall, paneling,

heating and air conditioning systems, and electrical components. The storms also caused significant damage to the other structures located at the Property.

10.

Following the Loss Events, and after Fantasy Homes, Inc., d/b/a Tupper Homes had reported the losses to Scottsdale Insurance Company, Fantasy Homes, Inc., d/b/a Tupper Homes assigned to Plaintiff all proceeds, payments, coverage, benefits, and amounts due under the insurance policy issued by Scottsdale Insurance Company (defined below) for all post-loss claims and causes of action that arise out of the Loss Events. Fantasy Homes, Inc., d/b/a Tupper Homes also assigned Plaintiff the right to pursue and collect all additional damages, penalties, attorneys fees and costs that Scottsdale Insurance Company may be liable for as a result of its bad faith conduct in connection with its adjustment of the claims initiated by Fantasy Homes, Inc., d/b/a Tupper Homes as a result of the Loss Events.

11.

As part of the assignment by Fantasy Homes, Inc., d/b/a Tupper Homes to Plaintiff, Plaintiff may appear and is the proper person in interest to appear and to assert claims for proceeds, payments, coverage, benefits, and other amounts that are due under the Policy and that Scottsdale Insurance Company may be liable for under applicable law. Plaintiff expressly asserts these claims in this Complaint.

12.

Plaintiff, as the assignee standing in the shoes of Fantasy Homes, Inc., d/b/a Tupper Homes as the insured under the Policy, assert claims for coverage under the Policy as a result of the property damage to the Property that were caused by the Loss Events, which losses are covered under the Policy.

**13.**

By denying coverage benefits that are clearly covered under the Policy, Scottsdale Insurance Company has breached its contractual and legal obligations under the Policy and Louisiana law, and is therefore liable to Plaintiff, as assignee of Fantasy Homes, Inc., d/b/a Tupper Homes' rights under the Policy.

**14.**

Specifically, in compliance with the Policy, Fantasy Homes, Inc., d/b/a Tupper Homes timely reported the losses resulting from Hurricane Laura and Hurricane Delta to Scottsdale Insurance Company. Both Fantasy Homes, Inc., d/b/a Tupper Homes, and Plaintiff, took reasonable steps to mitigate the damage caused by the Loss Events.

**15.**

Upon receiving notice of losses resulting from each Loss Event, Scottsdale Insurance Company performed an initial inspection of the loss and damage to the Property.

**16.**

In compliance with the terms of the Policy, Fantasy Homes, Inc., d/b/a Tupper Homes, and Plaintiff, as assignee of the Policy, cooperated with Scottsdale Insurance Company and its consultants and made the Property available for inspection at all times. Scottsdale Insurance Company, directly and/or through its loss consultants and adjusters, had ample opportunity to investigate and inspect the damage to the Property following each Loss Event.

**17.**

However, Scottsdale Insurance Company failed to pay the proper amount that is owed under the Policy and that is needed to cover the cost of repairs as a result of the substantial amount of damage to the Property caused by the Loss Events. Despite the damages being obvious at the

time of their initial inspections following each Loss Event, Scottsdale Insurance Company also grossly underpaid on the losses that its adjusters did address in its loss estimates that were prepared and submitted to the insured in connection with its adjustment of each claim.

18.

On or about March 3, 2022, Fantasy Homes, Inc., d/b/a Tupper Homes sold the Property to Plaintiff, and assigned the Post-Loss Claims to the Plaintiff in connection with the sale.

19.

Specifically, in connection with the closing of the sale of the Property, the parties also executed an Assignment of Post-Loss Insurance Claims and Limited Power of Attorney, whereby Fantasy Homes, Inc., d/b/a Tupper Homes assigned to Plaintiff all of Fantasy Homes, Inc., d/b/a Tupper Homes' rights to any additional proceeds owed under the Policy and/or other amounts that may be recoverable from Scottsdale Insurance Company as a result of its bad faith conduct in connection with the adjustment of the subject claims.

20.

Louisiana allows an insurer to place a clause in an insurance policy that prohibits post-loss assignments. *In re Katrina Canal Breaches Litig.*, 63 So. 3d 955, 962-63 (La. 2011). However, in order for such a clause to be enforceable, the clause must clearly and unambiguously express that it applies to post-loss assignments. *Id.* The general and broadly worded non-assignment clauses that traditionally appear in most insurance policies, is not sufficient. *Id.*

21.

The Scottsdale Insurance Company Policy does not expressly prohibit the assignment of post-loss claims. Rather, the only anti-assignment provision found in the Scottsdale Insurance Company Policy does not even reference or address the assignment of a post-loss claim but instead

contains the more common generally worded anti-assignment language that the Louisiana Supreme Court determined in *In re Katrina Canal Breaches Litig., supra*, is not sufficient to prohibit the assignment of a post-loss claim.

22.

The Assignment occurred after Fantasy Homes, Inc., d/b/a Tupper Homes had suffered the losses covered under the Policy as a result of the Loss Events, which losses occurred prior to Plaintiff filing the instant Complaint. Pursuant to the Assignment, Fantasy Homes, Inc., d/b/a Tupper Homes transferred and assigned to Plaintiff any and all claims Fantasy Homes, Inc., d/b/a Tupper Homes has or may have against Scottsdale Insurance Company arising out of or relating to the Loss Event, including without limitation all rights to any and all additional proceeds owed under the Policy for the losses caused by the Loss Events, and all extra-contractual damages, penalties, fees and costs under the laws of any state for Scottsdale Insurance Company's bad faith in connection with its handling and adjustment of the claims arising out of the Loss Events (e.g., claims for consequential damages, penalties, attorney's fees and costs under Louisiana Revised Statutes §22:1892 and §22:1973, Louisiana Civil Code articles 1997 and 1983, and any other applicable statutes or jurisprudence).

23.

The payments made by Scottsdale Insurance Company to date are woefully inadequate to cover the actual cost of repairs to the Property despite the damages being very apparent and visible at the time of the Scottsdale Insurance Company's initial and follow-up inspection of the Property following each Loss Event.

**24.**

Scottsdale Insurance Company failed to pay the amounts owed under the Policy within thirty (30) days after receipt of satisfactory proof of loss and also failed to make a written offer to properly settle Plaintiff' property damage claims within thirty (30) days after receipt of satisfactory proof of loss of the claims.

**25.**

Scottsdale Insurance Company has been in possession of sufficient documentation for well over sixty (60) days to fully apprise itself of the loss amounts owed under the Policy as a result of the substantial amount of damages to the Property caused by Hurricanes Laura and Delta.

**26.**

Scottsdale Insurance Company's bad faith conduct in connection with its adjustment of the claims, including its failure to timely adjust and pay the subject losses despite having satisfactory proof of loss for more than thirty (30) and sixty (60) days, is arbitrary, capricious, and constitutes breaches of its obligations under La. Rev. Stat. Ann. §22:1892.

**27.**

Despite Scottsdale Insurance Company's ongoing breaches and failure to timely pay the loss amounts due under the policy, Plaintiff has continuously attempted to work with Scottsdale Insurance Company and its consultants to ensure the proper loss amounts owed under the Policy are paid and to also ensure Plaintiff's compliance with the terms of the Policy, as assignee of Fantasy Homes, Inc., d/b/a Tupper Homes' rights under the Policy.

**28.**

Scottsdale Insurance Company's failure to timely pay benefits owed under the policy has placed the Property at risk.

**29.**

Plaintiff has endured significant loss of use, and inconvenience because Scottsdale Insurance Company provided insufficient funds to complete repairs.

**30.**

Scottsdale Insurance Company has unjustifiably failed and/or refused to perform its obligations under the Policy by wrongfully and unfairly limiting payment on the Plaintiff's claims.

**31.**

As a result of Scottsdale Insurance Company's bad faith conduct in connection with its adjustment of these claims, Plaintiff has incurred professional expenses, including expert and/or attorney's fees, to determine that Scottsdale Insurance Company wrongfully failed to timely pay adequate amounts owed under the Policy in connection with Plaintiff's claims.

**32.**

Scottsdale Insurance Company's bad faith acts and omissions in failing to pay the amounts owed under the Policy within sixty (60) days of receiving satisfactory proof of loss is arbitrary, capricious, and without probable cause. Scottsdale Insurance Company is therefore in breach of its affirmative duties of good faith and fair dealing.

**33.**

As a result of Scottsdale Insurance Company's failures and delays to timely adjust and pay the loss amounts due under the Policy in response to the damage caused by Hurricanes Laura and Delta, Plaintiff has and/or will continue to sustain additional loss and damage and incur additional costs and expense at increased prices in connection with their completion of the repairs.

34.

Scottsdale Insurance Company is liable for all damages sustained by Plaintiff as a result of Scottsdale Insurance Company's bad faith conduct, including the remaining coverage limits available under the Policy in connection with each Loss Event, all consequential damages sustained, as well as penalties, attorney's fees and costs, as a result of Scottsdale Insurance Company's arbitrary and capricious delays and bad faith conduct in connection with its adjustment of the subject claims and delays in paying the Policy benefits owed as a result of the covered losses caused by each Loss Event.

35.

Pursuant to the Assignment, Scottsdale Insurance Company is liable to Plaintiff as the assignee of Fantasy Homes, Inc., d/b/a Tupper Homes' rights to the remaining proceeds that are owed under the Policy for all post-loss claims and causes of action which arise out of the Loss Events.

36.

Pursuant to the Assignment, Scottsdale Insurance Company is also liable to Plaintiff in accordance with Louisiana Revised Statutes §22:1892 and §22:1973, for the arbitrary and capricious refusal to provide coverage despite amicable demand made. Scottsdale Insurance Company is also liable to the Plaintiff, as the holder of rights of Fantasy Homes, Inc., d/b/a Tupper Homes, for its failure to settle and adjust the claim in good faith.

## CAUSES OF ACTION

**A. Count I - Breach of The Insurance Policy**

**37.**

Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

**38.**

At the time of the Loss Events, a valid contract existed between Fantasy Homes, Inc., d/b/a Tupper Homes and Scottsdale Insurance Company in the form of an insurance policy, to which Plaintiff were assigned the rights therein, obligating Scottsdale Insurance Company to pay the full amount of the loss owed under the Policy as a result of damage to the Property caused by wind.

**39.**

Despite repeated demands, Scottsdale Insurance Company has refused to meet its obligations under the Policy and pay the full amount owed under the Policy as a result of the loss and damage caused by the Loss Events.

**40.**

The amounts paid to date by Scottsdale Insurance Company are woefully inadequate to cover the actual costs to repair the damages to the Property caused by the Loss Events, and per the terms of the Policy, Plaintiff are entitled to recover from Scottsdale Insurance Company for the additional sums needed to make full repairs to the Property in accordance with the insurance coverages Fantasy Homes, Inc., d/b/a Tupper Homes purchased from Scottsdale Insurance Company.

**41.**

Scottsdale Insurance Company has breached its obligations and duties owed under the Policy for failing to pay the loss amounts that are clearly owed under the Policy.

**42.**

As a direct and proximate result of Scottsdale Insurance Company's breach of its obligations under the Policy, Plaintiff, as the assignee of Fantasy Homes, Inc., d/b/a Tupper Homes' rights under the Policy, has been deprived the benefit of insurance coverage for which Scottsdale Insurance Company was paid substantial premiums, and, Plaintiff has suffered substantial damages as a result of Scottsdale Insurance Company's breaches.

**43.**

Plaintiff, as the assignee of Fantasy Homes, Inc., d/b/a Tupper Homes' rights under the Policy, has the right to proceed directly against Scottsdale Insurance Company in the instant action for the payment and/or reimbursement of all amounts that Scottsdale Insurance Company is responsible for and owes under the Policy as a result of the loss and damage caused by each Loss Event.

**44.**

Plaintiff, as the assignee of Fantasy Homes, Inc., d/b/a Tupper Homes' rights under the Policy, is also entitled to recover all additional amounts that are owed under the Policy for other covered losses, including amounts still due for damaged contents located at the Property, debris and tree removal, additional living expenses, and any other losses that are a result of the Loss Events and covered under the Policy.

B. **COUNT II - Scottsdale Insurance Company Liable for Extra-contractual Damages, Penalties, Attorney's Fees & Costs Due to Its Bad Faith and Breach of Duties of Good Faith and Fair Dealing**

**45.**

Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as if the same were set forth at length herein.

**46.**

Scottsdale Insurance Company owes its insureds, including Plaintiff as the assignee of Fantasy Homes, Inc., d/b/a Tupper Homes' rights under the Policy, a duty of good faith and fair dealing, and must also pay the actual amount of the loss due under the Policy within thirty (30) of its receipt of satisfactory proof of loss. La. Rev. Stat. Ann. §22:1973; and La. Rev. Stat. Ann. §22:1892.

**47.**

Pursuant to Louisiana Revised Statute §22:1892, Scottsdale Insurance Company was required to unconditionally tender the loss amounts owed under the Policy as a result of the damage caused by each Loss Event within thirty (30) days of Scottsdale Insurance Company's receipt of satisfactory proof of loss, which occurred at the time of Scottsdale Insurance Company's initial inspection of the damage following each Loss Event. Scottsdale Insurance Company failed to do so.

**48.**

La. Rev. Stat. Ann. §22:1892 further required Scottsdale Insurance Company to re-evaluate Plaintiff's claims and to tender additional unconditional payments each time Scottsdale Insurance Company received additional information concerning the losses sustained by Plaintiff. Scottsdale Insurance Company failed to do so.

**49.**

Scottsdale Insurance Company's failure to pay the full amount of the benefits due under the Policy in connection with each Loss Event within either thirty (30) or sixty (60) days of receiving satisfactory proof of loss was arbitrary, capricious, and without probable cause.

**50.**

By engaging in all of the conduct described hereinabove, Scottsdale Insurance Company has engaged in bad faith conduct in violation of La. Rev. Stat. Ann. §22:1892, La. Rev. Stat. Ann. §22:1893, and La. Rev. Stat. Ann. §22:1973, making Scottsdale Insurance Company liable to Plaintiff for all consequential damages sustained by Plaintiff as a result of Scottsdale Insurance Company's bad faith, plus penalties, attorney's fees and costs.

**51.**

Pursuant to La. Rev. Stat. Ann. §22:1892, Scottsdale Insurance Company, in addition to the loss amounts due under the Policy, is liable to Plaintiff for the penalty equal to fifty percent (50%) of all loss amounts not paid within thirty (30) days of Scottsdale Insurance Company's receipt of satisfactory proof of loss, as well as reasonable attorney's fees and costs.

**52.**

As a direct and proximate result of Scottsdale Insurance Company's bad faith actions, Plaintiff has suffered substantial additional damages. Pursuant to La. Rev. Stat. Ann. §22:1973, Scottsdale Insurance Company is liable to Plaintiff for all consequential damages, loss of use, and inconvenience for Scottsdale Insurance Company's ongoing failures and delays in paying the benefits owed under the Policy as a result of the covered losses, misrepresentations of pertinent facts concerning the amounts owed, its coverages, and its provisions under the Policy. Scottsdale Insurance Company is also liable for failing to unconditionally tender the amounts owed to

Plaintiff within sixty (60) days after receipt of satisfactory proof of loss. Scottsdale Insurance Company's actions were and continue to be arbitrary, capricious, and without probable cause.

## DAMAGES

**53.**

As a result of the actions of Defendant, Plaintiff has suffered the following nonexclusive list of past, present, and future damages, in amounts reasonable in the premises:

a. Cost of Repairing Damages to the buildings, other structures located at the Property, including the cost of mitigation, remediation and permanent repairs;

b. Diminution in value;

c. Inconvenience;

d. Loss of use and lost and/or damaged personal property;

e. Amounts owed under any other applicable coverages afforded under the Policy, including additional limits under any sub-coverages or additional coverages, including but not limited to demolition, debris removal, increased cost of construction, and compliance with applicable codes, law and ordinances;

f. Increased costs of construction, additional losses and damage due to Scottsdale Insurance Company's arbitrary delays in paying benefits owed under the Policy and / or inability to make the appropriate or adequate repairs as a result of inadequate insurance payments;

g. Any and all consequential damages resulting from Scottsdale Insurance Company's breaches of its contractual and statutory duties and obligations owed under the Policy or applicable law;

h. Attorney's fees and costs of these proceedings, and all other costs incurred prior to this litigation as a result of Scottsdale Insurance Company's breaches of its contractual and legal duties and obligations, including the failure to timely pay sums owed under the Policy; and

i. Any and all other damages that are shown through discovery and/or proven at the trial of this matter.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff, BCN Investments, LLC, respectfully prays that Defendant, Scottsdale Insurance Company, be duly served and cited to appear and answer this Complaint for Damages, and that after due proceedings are had, there be a judgment rendered herein in favor of Plaintiff, BCN Investments, LLC, and against Defendant, Scottsdale Insurance Company, all amounts due under the Policy for all post-loss claims and causes of action which arose out of the Loss Events, for all consequential damages, statutory penalties, attorneys fees and court costs as a result of Scottsdale Insurance Company's bad faith delays and refusal to provide coverage benefits owed under the Policy despite amicable demand made, along with pre-judgment and post-judgment interest. Plaintiff further prays for all other general and equitable relief deemed proper by this Honorable Court.

[Signature Page to Follow]

                          Respectfully submitted,

                          **ROBICHAUX, MIZE, WADSACK,**
                          **RICHARDSON & WATSON, LLC**

**Date:** August 19, 2022    **BY:**    /s/ Matthew M. Mize
                                          **MATTHEW M. MIZE**, Bar No. 33993
                                          **W. BRETT CAIN**, Bar No. 25997
                                            **TRISTAN G. GRUSPIER**, Bar No. 39900
                                            1777 Ryan Street
                                            Lake Charles, LA 70601
                                            Telephone:   (337) 433-0234
                                            Fax:             (337) 433-8595
                                            Email:        mmm@rmwlegal.com
                                                                     wbc@rmwlegal.com
                                                                     tgg@rmwlegal.com

                          -and-

                          **PANDIT LAW FIRM, LLC**

                          **RAJAN PANDIT**, Bar No. 32215
                          **JOHN MARK FEZIO**, Bar No. 29861
                          **PETER N. FREIBERG**, Bar No. 22912
                          701 Poydras Street, Suite 3950
                          New Orleans, LA 70139
                          Telephone:   (504) 313-3800
                          Facsimile:    (504) 313-3820
                          Email:         rpandit@panditlaw.com
                                                    jfezio@panditlaw.com
                                                    pfreiberg@panditlaw.com

                          *Counsel for Plaintiff*

**PLEASE SERVE:**

Scottsdale Insurance Company
*Through its agent for Service of Process*:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809